■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DANIEL SICILIANO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DANIEL GIBSON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. VICTOR ECHAVARRY, JR., Respondent.— Orders, Supreme Court, Bronx County, entered April 3, 1972 granting defendants' motions to the extent of dismissing the first (criminal tampering in the first degree, Penal Law, § 145.20) and third (official misconduct, Penal Law, § 195.00) counts of each of the indictments are modified on the law to the extent of reinstating count one of each indictment, and as so modified the orders are affirmed. Initially, we note that on June 16, 1972 the defendants were again indicted for official misconduct and were subsequently arraigned. Accordingly, the issues as to the propriety of the dismissal of count three of the original indictment have been rendered academic (CPL 200.80). With respect to count one we hold that such is sufficient and should not have been dismissed. Trial Term held that a bridge may not be considered a "public utility operated by a municipality" within the meaning of section 145.20 of the Penal Law. In so doing, it stated that such clause "is used in a restricted sense and limited to services similar to those listed and specified as being owned by corporations, which immediately precedes the clause in question." And further, Trial Term commented that "any other interpretation would render the undefined provision vague and indefinite, and require speculation as to what might be considered to come

within its meaning." We cannot agree. The term "public utility", has been given broad meaning and has been held to include diverse services (see, e.g., *Seideman* v. *City of New York,* 264 App. Div. 359; *Staminski* v. *Romeo,* 62 Misc 2d 1051). The clause in question, when given its usual and ordinary meaning, simply means the furnishing of services to the public by a governmental authority and such necessarily includes bridges. This is the concept common to the cases which have considered its meaning and conforms with general usage. Moreover, to limit the meaning of the subject clause in the manner construed by Trial Term, would nullify the entire statutory scheme and purpose. Under the prior Penal Law there were specific and detailed provisions covering numerous public utility property (see, e.g., Penal Law, § 1422 [signal or light]; § 1423 [public highway or bridge]). In the new Penal Law the Legislature did not list separately each public utility property but instead, continued the prior prohibitions under one comprehensive term. In this regard the following is stated in the Practice Commentary to section 145.15 of the Penal Law: "This is an important and useful inclusive section covering a host of offenses against public utility property which was separately defined in exhaustive and unnecessary detail in the former Penal Law". (Denzer & McQuillan, Practice Commentary to Penal Law, § 145.15, McKinney's Cons. Laws of N. Y., Book 39, p. 386.) Accordingly, the first count in each indictment should be reinstated. Concur — McGivern, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.